# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30664

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

CAREY WARDELL REED,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CR-113-1

Before CLEMENT, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Carey Wardell Reed appeals his conviction after a jury trial. He argues that the district court abused its discretion in crafting a remedy to the Government's discovery violation. After careful review, we find no abuse of discretion and affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30664

I.

Reed robbed three Opelousas businesses. While doing so, he also fired his gun. The Government brought a six-count indictment based on Reed's armed-robbing spree. Despite the mountain of evidence against him, Reed elected trial.

His theory was simple: The cops framed him. The only evidence supporting this theory was some body-camera footage. The footage shows an officer taking Reed's phone. The time stamp on the footage when this happened read 13:29 and 48 seconds (1:29 p.m.). Yet at 2:24 p.m., a damning text message essentially admitting to the last robbery was sent from Reed's phone. How could that be if his phone was taken at 1:29 p.m.? Good question. Reed would have liked to argue that the answer was that the police sent the message from his phone to pin the crimes on him.

Not a bad theory—especially if the body-camera footage was the only documentary evidence showing the time that the police confiscated Reed's phone. Yet at the end of the trial's first day, the Government handed Reed a copy of a radio-log report, a report demonstrating that Reed's phone was confiscated around 2:30 p.m. after he arrived at the police station—not at 1:29 p.m. Turns out the body camera's time stamp was an hour off because it had not taken into account daylight-savings time. Outside the jury's presence, Reed moved to have the radio-log report excluded due to its late production. The court denied Reed's motion.

After the Government admitted the radio-log report during trial, Reed moved for a mistrial. He argued that the Government had violated the discovery requirements found in Federal Rule of Criminal Procedure 16 and had significantly prejudiced the defense's theory. The district court deferred ruling on the mistrial motion until the Government finished its case-in-chief. When the Government rested, Reed renewed his mistrial motion. The district

No. 17-30664

court found that the Government had violated Rule 16(a)(1)(E)(i) and granted a mistrial as a remedy. But to give it time to consider the Government's motion for reconsideration the following day, the court did not release the jury.

After hearing the reconsideration arguments, the court rescinded the mistrial and, instead, granted a three-week recess. The recess would cure any prejudice, the court reasoned, that the radio-log report had caused—especially since Reed had not yet given an opening statement tying him to a particular theory. Plus, the Government had reoffered its original plea deal, which Reed could consider during the recess. Reed strenuously objected to this approach, to no avail.

Reed rejected the plea deal, continued with the trial three weeks later, and took the stand himself. The jury convicted on all counts, and the court sentenced him to prison for 57 years and 1 day. This appeal followed. Reed's only argument on appeal is that the district court abused its discretion in granting the three-week recess—instead of a mistrial—as a remedy for the Government's Rule 16 violation.

## II.

As a mistrial is an extreme remedy, it should be "used with the greatest caution, under urgent circumstances, and for very plain and obvious cases." *United States v. Ebron*, 683 F.3d 105, 128 (5th Cir. 2012) (quotation omitted). A denial of a motion for a mistrial based on a discovery violation is reviewed for an abuse of discretion.[1] *See United States v. McGrew*, 165 F. App'x 308, 313 (5th Cir. 2006) (citing *United States v. Holmes*, 406 F.3d 337, 357 (5th Cir. 2005)).

---

[1] The Government argues that Reed's claim was not properly preserved and that plain-error review should therefore apply. We need not address this argument. Even under the abuse-of-discretion standard, Reed's claim fails.

Generally, an abuse of discretion occurs only when "no reasonable person could take the trial court's adopted position." *United States v. Akpan*, 407 F.3d 360, 369 (5th Cir. 2005) (quoting *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 803 (5th Cir. 2003)); *see also United States v. Brooks*, 681 F.3d 678, 711 (5th Cir. 2012). Additionally, even if an abuse of discretion is found, a district court's decision to deny a motion for a mistrial premised on a discovery violation is only reversable error if "the defendant demonstrates prejudice to his substantial rights." *McGrew*, 165 F. App'x at 313 (citing *Holmes*, 406 F.3d at 357).

Reed cannot overcome this demanding standard. The district court's choice to hold a three-week recess instead of declaring a mistrial was reasonable. It allowed Reed to evaluate the radio-log report, prepare for the trial, and reevaluate the original plea deal, which the Government reoffered. In short, it cured all the prejudice that the Government's late disclosure of the radio-log report caused without any of the costs of declaring a mistrial.

Reed does not dispute these facts. Instead, he argues that although a three-week recess would ordinarily be reasonable, it was an abuse of discretion to implement it in his particular case. Reed claims his situation is unique. He argues that he could not properly evaluate the renewed plea deal because his judgment was clouded by his resolute belief that he had been treated unfairly and been cheated out of a mistrial that was rightfully his. But a defendant's own hardheadedness is not a recognized source of prejudice for which a mistrial has ever been granted. The district court's choice to value the many benefits of the recess over Reed's stubborn insistence for a mistrial was not an abuse of discretion.

And even if it was, he cannot show that the abuse affected his substantial rights. The only right Reed alleges was affected was his right to a fair *opportunity* to consider the plea deal. But the recess gave him that opportunity;

No. 17-30664

he just chose not to take advantage of it. We reject Reed's further contention that his right to have an opportunity to consider a plea deal also includes a right to consider the deal in the setting of his choice—i.e., the pretrial setting.

AFFIRMED.